# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **RUSTI L. MAXWELL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6-20-cv-01114 |
| | § | |
| **ARCOSA AGGREGATES, INC. a/k/a** | § | |
| **ARCOSA, INC. a/k/a ARCOSA** | § | |
| **AGGREGATES a/k/a ARCOSA** | § | |
| **AGGREGATES – ASA a/k/a ARCOSA,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Arcosa Aggregates, Inc. a/k/a Arcosa, Inc. a/k/a Arcosa Aggregates a/k/a Arcosa Aggregates – ASA a/k/a Arcosa[1] ("Defendant") submits this Notice of Removal of the above-captioned action from the District Court of McLennan County, Texas to the United States District Court for the Western District of Texas, Waco Division, and in support, Defendant respectfully shows the Court the following:

## BACKGROUND AND TIMELINESS OF REMOVAL

1. On October 30, 2020, Plaintiff Rusti L. Maxwell ("Plaintiff") filed her Original Petition ("Petition") against Defendant in the 414th Judicial District Court of McLennan County, Texas, captioned *Rusti L. Maxwell v. Arcosa Aggregates, Inc. a/k/a Arcosa, Inc. a/k/a Arcosa Aggregates a/k/a Arcosa Aggregates – ASA a/k/a Arcosa,* Cause No. 2020-3478-5.

2. Plaintiff served the citation and Petition on the Defendant on November 12, 2020. This Notice of Removal, together with all process, pleadings, and orders served on the

---

[1] Plaintiff has named the wrong legal entity as her employer. Plaintiff's employer was at all times, Arcosa Aggregates, Inc.

Defendant, or otherwise on file in the lawsuit, are being filed in this Court within thirty days after the initial service of the citation and the Petition on the Defendant. The removal is therefore timely under 28 U.S.C. § 1446(b).

3. An index of the documents filed in the State Court action, the State Court docket sheet, and copies of all documents filed in the State Court action, other than discovery, are attached hereto as **Exhibit A**. The Defendant's Certificate of Interested Persons and Corporate Disclosure Statement will be filed separately.

## VENUE

4. The District Court of McLennan County is located within the Western District of Texas Waco Division. 28 U.S.C. § 124. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

## ORIGINAL AND SUPPLEMENTAL JURISDICTION

5. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, as Plaintiff brings claims under the laws of the United States. Specifically, in her Petition, Plaintiff asserts claims against Defendant under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, as amended, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, and the Family and Medical Leave Act, 29 U.S.C. § 2601. *See* Petition ¶¶ "Nature of Suit," 4, 13-22. Based upon the federal questions raised by Plaintiff, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441(a) and (c).

6. In addition, Plaintiff brings state law claims for Defendant's alleged violations of the Texas Commission on Human Rights Act and the Texas Labor Code based on the same facts as her federal claims. *See id.*, ¶¶ 4, 13-22. The Court may exercise supplemental jurisdiction over state-law claims asserted by Plaintiff because the federal and state claims derive from a common nucleus of operative fact and are such that the parties would ordinarily be expected to try them all in one judicial proceeding. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

7. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be filed promptly with the 414th Judicial District Court Clerk for the District Court of McLennan County, Texas.

8. All fees required by law in connection with this Notice have been paid by Defendant.

9. There are no motions pending before the state court in this matter, nor are any hearings set.

10. By virtue of this Notice of Removal, Defendant does not waive its right to assert any rights, claims or other motions, including Rule 12 motions, permitted by the Federal Rules of Civil Procedure or other applicable rules or laws.

### III. CONCLUSION

Removal of this action is proper under 28 U.S.C. § 1441(a) because it is a civil action brought in a state court. The District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331 because Plaintiff's suit involves questions of federal law.

**WHEREFORE,** Defendant gives notice that the action *Rusti L. Maxwell v. Arcosa Aggregates, Inc. a/k/a Arcosa, Inc. a/k/a Arcosa Aggregates a/k/a Arcosa Aggregates – ASA a/k/a Arcosa.*, Cause No. 2020-3478-5, pending in the 414th Judicial District Court of McLennan County, Texas is removed to this Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ *Eva W. Turner*
EVA W. TURNER
Texas State Bar No. 24051485
eva.turner@ogletreedeakins.com
ROBYN M. FUNK
Texas State Bar no. 24104415
robyn.funk@ogletreedeakins.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2020, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    Danny C. Wash
    Wash & Thomas
    6613 Sanger Ave.
    Waco, Texas 76710
    danwash@washthomas.com

                                */s/ Eva W. Turner*
                                EVA W. TURNER